Fundicao Tupy, S.A. and Tupy American Foundry Corp., plaintiffs *v.* United States and the U.S. International Trade Commission, defendants, and Cast Iron Pipe Fittings Committee, intervenors

Court No. 85–08–01062

Before Rao, *Judge.*

(Decided September 4, 1985)

Rao, *Judge:* This civil action is before the Court on plaintiff's motion for a preliminary injunction, the Cast Iron Pipe Fitting Committee's motion for leave to intervene in this action and defendants' motion to dismiss for lack of jurisdiction and opposition to the motion for a preliminary injunction. A temporary restraining order had previously been granted ex parte to plaintiff on August 22, 1985. The Court grants the Cast Iron Pipe Fittings Committee's motion to intervene.

This action concerns malleable cast iron pipe fittings imported into the United States from Brazil. This merchandise was the subject of a countervailing duty petition instituted by Intervenor on or about September 17, 1984. On or about January 10, 1985, the International Trade Commission (hereinafter ITC) instituted a final investigation to determine whether an industry in the United States was materially injured or threatened with material injury by reason of imports of non-malleable cast iron pipe fittings from Brazil, and this investigation was conducted from January 1985 through April 1985, with both the plaintiff herein and the intervenor participating fully.

On April 24, 1985 the ITC published in the Federal Register (50 Fed. Reg. 16173) its final determination that its investigation had led to the conclusion that no industry in the United States was being materially injured or was threatened with material injury by reason of imports of malleable cast iron pipe fittings from Brazil. This

determination has been appealed to this Court by the intervenor in a separate action.

On or about July 31, 1985, intervenor filed with the U.S. Department of Commerce and with the ITC petitions for the imposition of antidumping duties on imports of malleable cast iron pipe fittings from Brazil, Taiwan and Korea. It is plaintiff's position that the same products are covered as those which were the subject of the countervailing duty injury investigation and for virtually the same period of time. Plaintiff also alleges that intervenor herein has made four earlier attempts to impede the importation of the merchandise the subject of this civil action: one § 201 petition which was unsuccessful, two attempts to have the merchandise removed from the General System of Preferences which were also unsuccessful, and the unsuccessful countervailing duty petition. Plaintiff alleges that these continuous attempts are extremely expensive to withstand and also result in loss of business.

The Court will consider first the defendants' motion to dismiss the civil action, which, if well taken, would dispose of all other motions and issues involved herein.

Plaintiffs are seeking an equitable remedy, specifically to permanently enjoin the ITC from conducting an injury investigation in the antidumping procedure currently pending before the International Trade Administration and the ITA. However, it is a general equitable maxim, recognized for many years, that equity will not interfere with the acts of public officers while they are acting within the authority conferred upon them by law, when they are acting within the scope of their authority. *Law of Injunctions*, James L. High, Vol. II, p. 1024.

In the case at bar, the ITC has the statutory *duty* to conduct the investigation which the plaintiffs attempt to enjoin, being mandated by the statute, 19 U.S.C. § 1673b(a), which states:

> (a) Determination by Commission or (sic) indication of injury.-Except in the case of a petition dismissed by the administering authority under section 1673a(c)(3) of this title, the Commission, within 45 days after the date on which a petition is filed under section 1673a(b) of this title or on which it receives notice from the administering authority of an investigation commenced under section 1673a(a) of this title, *shall* make a determination, based upon the best information available to it at the time of the determination, of whether there is a reasonable indication that—
>> (1) An industry in the United States—
>>> (A) Is materially injured, or
>>> (B) Is threatened with material injury, or
>> (2) The establishment of an industry in the United States is materially retarded,
>
> by reason of imports of the merchandise which is the subject of the investigation by the administering authority. If that deter-

mination is negative, the investigation *shall* be terminated. [Emphasis added]

The statute is clearly mandatory in its language and leaves no room for discretion on the part of the ITC. Thus the investigation is a function by a public agency which cannot be enjoined by this Court.

We are also guided by the holding in *Home Loan Bank Bd.* v. *Mallonee,* 196 F.2d 336, *cert. denied* 73 S.Ct. 863, 345 U.S. 952, 97 L.Ed. 1374, rehearing denied 73 S.Ct. 1120, 345 U.S. 978, 97 L.Ed. 1393, in which the court held that where an administrative official exercises the jurisdiction conferred upon him, though his errors may be subject to subsequent correction, they may not generally be enjoined. See also *Barnes* v. *City of Gadsden,* 174 F.Supp. 64, affirmed 268 F.2d 593, *cert. denied* 80 S. Ct. 261, 361 U.S. 915, 4 L.Ed. 186, in which it was held that the action of a governmental agency acting within its authority will not be controlled or revised by injunction.

We will not, therefore, balance the equities in this case to determine whether the hardship worked upon the plaintiffs herein would be sufficient to warrant the exercise of this Court's equitable powers. The action is dismissed and plaintiffs' motion for an extension of the temporary restraining order is mooted.

So ordered.